Mark Mausert
NV Bar No. 2398
Cody Oldham
NV Bar No. 14594
729 Evans Avenue
Reno, NV 89512
(775) 786-5477
Fax (775) 786-9658
mark@markmausertlaw.com
cody@markmausertlaw.com
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| BARBARA SMITH | Case No.: |
| Plaintiff, | |
| vs. | **CIVIL COMPLAINT AND** |
| RENO GAZETTE-JOURNAL FOUNDATION, INC. AND DOES I-X, | **JURY DEMAND** |
| Defendants. | |

COMES NOW, Plaintiff, through counsel, who hereby complains of Defendant, Reno Gazette-Journal Foundation, Inc. (hereinafter "Defendant"), and Does I-X, as follows:

<u>Parties, Venue, Jurisdiction and Jury Demand</u>

1. Plaintiff, is a resident of northern Nevada, i.e., Reno, Nevada and was employed by Defendant, in northern Nevada. Most, or all the acts, statements and omissions alleged herein occurred in Nevada. Plaintiff hereby requests a jury trial relative to all issues so triable. Plaintiff has obtained a Notice of Right to Sue from the Equal Employment Opportunity Commission for Defendant. Plaintiff has exhausted administrative remedies in accord with federal law. This

CIVIL COMPLAINT AND JURY DEMAND - 1

Complaint and Jury Demand is timely filed in accordance with the Notice of Right to Sue, i.e., it is being filed within ninety (90) days. Attached is the requisite Notice of Right to Sue for Defendant.

2. Defendant is a limited partnership, corporation, limited liability company, partnership, or some other legal entity which previously employed Plaintiff in northern Nevada. All times herein mentioned, Defendant employed more than twenty (20) persons for at least twenty weeks per year in accordance with section 29 U.S.C. § 630(b).

3. Doe Defendants I-X are persons, corporations, partnerships, limited liability companies, or other entities which are in whole or in part responsible for Plaintiff's injuries or damages. When Plaintiff discovers the identities of these Doe Defendant(s), she will seek Leave of Court to amend this Complaint and Jury Demand, and thereby hold them legally accountable.

4. This Court has venue over this action because most or all of the acts, statements and omissions alleged herein occurred in northern Nevada; Defendant does substantial business in northern Nevada; and Plaintiff resides in northern Nevada. This Court has venue pursuant to 29 U.S.C. § 633a(c).

5. This Court has 28 U.S.C. 1343 jurisdiction over this matter as Plaintiff's lawsuit arises under The Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623. Subject matter jurisdiction exists because Plaintiff is a woman who was harassed and/or discriminated against because of age, over forty (40), and who thereupon experienced retaliatory hostility and retaliation because she opposed that harassment/discrimination.

///

///

///

///

CIVIL COMPLAINT AND JURY DEMAND - 2

///

///

## First Cause of Action

### (Age Discrimination/Harassment)

6. Plaintiff hereby incorporates the allegations of paragraphs 1 through 5, inclusive, as well as all other paragraphs herein, as though the same had been fully stated.

7. Plaintiff is a woman who is fifty-one (51) years of age. Plaintiff worked for Defendant as a Client Service Manager. Plaintiff worked for Defendant from on or about January 13, 1995 to on or about September 18, 2017.

8. On or about February of 2017, Ryan Kedzierski (hereinafter "Ryan"), Regional President, began discriminating against and/or harassing Plaintiff. Plaintiff was discriminated/harassed against despite satisfactorily performing her job duties. Ryan would give preferential treatment to younger employees similarly situated as Plaintiff. Preferential treatment included, but was not limited to, assigning more desirable assignments and awarding bonuses.

9. Ryan would make his age discrimination known by repeatedly stating during manager's meetings and open forums the company needed "fresh new blood." Ryan supported his discriminatory beliefs by commenting in manager's meetings that employees who had been with the company for any length of time cannot follow the new Gannett (nickname for Defendant) play book and they need to go.

10. On or about April and July of 2017, Ryan gave Katie Romako, about twenty-four (24) years of age at the time, a bonus despite not meeting the required goals. Plaintiff was not awarded a bonus.

CIVIL COMPLAINT AND JURY DEMAND - 3

11. Ryan repeatedly cautioned Plaintiff "things will get harder, not easier and at your stage in life, you may not be able to handle 60-70 hour work weeks." Ryan constantly reiterated his belief the company needed "fresh new blood" for the purpose of getting "revenue growing again."

12. Ryan was also vulgar and threatening in the workplace. Ryan would repeatedly threaten in front of peers during office manager's meetings, "If you don't like my instructions, we'll go to my office to settle the matter!"

13. Plaintiff complained numerous times to multiple people about age discrimination/harassment. Plaintiff informed Mary Kate Smiley and Carla Christensen, human resources officers, about the discrimination/harassment she was experiencing. Plaintiff was told they would investigate. Nothing was done.

14. On or about August 21, 2017, Plaintiff went on medical leave due to work related stress. On or about September 5, 2017 Plaintiff returned from leave.

<u>Second Cause of Action</u>

(Retaliation)

15. Plaintiff hereby incorporates the allegations of paragraphs 1 through 14, inclusive, as well as all other paragraphs herein, as though the same had been fully stated.

16. Plaintiff, upon returning from leave, continued to experience harassment/discrimination. Plaintiff was forced to leave on or about September 18, 2017, because of no change in her work environment. Plaintiff was therefore constructively discharged.

17. As a direct and proximate result, Plaintiff was injured and harmed. Plaintiff suffered emotional damages and loss of enjoyment of life i.e., feelings of anger, shame and helplessness. It has been necessary for Plaintiff to incur costs and retain counsel in order to attempt to vindicate

her right to a workplace free of age discrimination and retaliation. Further, Plaintiff suffered and continues to suffer economic damages.

WHEREFORE, Plaintiff requests the following relief:

1. For an award of compensatory damages;

2. For an award of economic damages;

3. For an award of punitive damages;

4. For an award of reasonable costs and attorney's fees;

5. For such other relief, including an injunction to compel Defendant to adopt and enforce a policy against age discrimination and the appointment of a Court Master to enforce such, as the Court or jury may deem just.

Dated this 21st day of May 2018.

Cody Oldham

CIVIL COMPLAINT AND JURY DEMAND - 5

## INDEX OF EXHIBITS

02/27/2018 Issued Notice of Right to Sue.................................................Exhibit One

CIVIL COMPLAINT AND JURY DEMAND - 6